Hayes BARKER, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

Nos. 91–1746, 91–1956.

United States Court of Appeals,
Seventh Circuit.

Argued April 1, 1993.

Decided Oct. 15, 1993.

James R. Bittorf (argued), Bittorf & Lacy, Milwaukee, WI, for petitioner-appellant.

Paul Kanter, Asst. U.S. Atty. (argued), Milwaukee, WI, for respondent-appellee.

Before POSNER, Chief Judge, RIPPLE, Circuit Judge, and TIMBERS, Senior Circuit Judge.[*]

RIPPLE, Circuit Judge.

Hayes Barker pleaded guilty to conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1988). On July 31, 1990, Mr. Barker was sentenced to 360 months' imprisonment followed by ten years' supervised release. Mr. Barker filed, but later withdrew, a direct appeal. He now appeals the district court's denial of his pro se § 2255 petition as well as the court's denial of his subsequent pro se motion to change his plea.[1] For the reasons that fol-

---

[*] The Honorable William H. Timbers, United States Circuit Judge for the Second Circuit, is sitting by designation.

1. Mr. Barker moved to change his plea in district court under Federal Rule of Civil Procedure 60(b) because of newly discovered evidence concerning the voluntariness of his plea. In denying

low, we affirm the judgment of the district court.

## I

### BACKGROUND

On January 23, 1990, a grand jury charged Mr. Barker and three others by indictment with conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine. Mr. Barker was charged in four other counts with distribution of cocaine. He entered an initial plea of not guilty on January 29, 1990.

At a hearing on April 17, 1990, pursuant to a plea agreement, Mr. Barker changed his plea to guilty for the conspiracy count; the government, in turn, dismissed the four remaining counts against him. At the hearing, the government delineated the elements of the conspiracy, the maximum term of imprisonment (life) and the maximum penalty ($4,000,000), and explained that the court would make its own determination of the applicable guidelines and proper sentence. The government further explained that, because Mr. Barker had two prior convictions, he qualified under the Sentencing Guidelines for career offender status. This status provides a sentencing range of thirty years to life. The district court asked Mr. Barker if he understood the government's explanation. Mr. Barker replied that he understood and that he wished to plead guilty to the conspiracy count.

The court then asked the government to make an offer of the proof it had against Mr. Barker. The government reviewed the evidence and indicated that at trial it could prove Mr. Barker was the leader of a cocaine distribution conspiracy involving in excess of five kilograms of cocaine. When the court asked Mr. Barker whether he "did, in fact, negotiate and distribute in excess of five kilograms of cocaine," the defendant answered, "I don't know about that amount." R.39 at 25. The court pursued its questions concerning the quantity of cocaine by stating, "Well, that's why I'm asking. That makes a difference," and then adding, "it does make a whale of a lot of difference." *Id.* It continued to clarify the difference later in the hearing:

> [I]n terms of your guilt or innocence the five kilograms is not determinative. It's not an element of the offense. It does make a difference in terms of what the guidelines do with you. And that's up to the Court to decide after I have heard all the rest of the cases. Do you understand that?

*Id.* at 29. When the court was satisfied that Mr. Barker understood the impact on his sentence of the cocaine quantity and of his two prior convictions, it accepted Mr. Barker's guilty plea and ordered a presentence report to be prepared.

At the sentencing hearing on July 31, 1990, the court determined that Mr. Barker qualified for career offender status, which mandates a criminal history category of VI. United States Sentencing Guidelines § 4B1.1. It then established a base offense level of 32, based on Mr. Barker's involvement with five to fifteen kilograms of cocaine. The court added a four-level increase as an organizer or leader pursuant to § 3B1.1, a two-level increase for possession of a firearm pursuant to § 2D1.1(b)(1), and a two-level decrease for acceptance of responsibility pursuant to § 3E1.1(a). This calculation resulted in an offense level of 36, with a range of 324–405 months' imprisonment, from which range the district court selected a 360–month sentence.

Mr. Barker, represented by his trial counsel, filed a direct appeal after being sentenced, but voluntarily dismissed it on November 19, 1990, pursuant to Federal Rule of Appellate Procedure 42(b). On March 18,

the motion, the court interpreted it as having been brought pursuant to Federal Rule of Criminal Procedure 32(d). The motion instead should have been considered a petition under 28 U.S.C. § 2255 because it was made after Mr. Barker had been sentenced. *See* Fed.R.Crim.Pro. 32(d) & advisory committee's note (1983). Mr. Barker filed two notices of appeal: one for the first

§ 2255 petition (No. 91–1746) and one for the second petition (No. 91–1956). The two matters were consolidated for purposes of this appeal. Mr. Barker proceeded pro se, and he and the government submitted briefs. This court then ordered counsel to be appointed for Mr. Barker in both matters, and a second round of briefs was submitted.

1991, Mr. Barker filed a pro se § 2255 petition for writ of habeas corpus. In his petition, Mr. Barker asserted that he had failed to follow through with the direct appeal because his attorney would appeal only the sentencing enhancements and because Mr. Barker believed that they had a conflict of interest.

In his § 2255 petition, Mr. Barker argued he was denied his right to effective assistance of counsel. He claimed that there was no factual or legal basis for his guilty plea, and that his plea was not voluntarily and knowingly made because his attorney misinformed him concerning the manner of proving the quantity of drugs at sentencing. He claimed his privilege against self-incrimination was violated by his cooperation with the government on his attorney's advice. Further, he argued that the sentencing enhancements for being an organizer, using a firearm, and being considered a career offender were factually erroneous and were a consequence of his attorney's failure to investigate properly.

On March 20, 1991, the district court entered an order denying this petition. It reasoned that Mr. Barker had failed to support with a sufficient factual basis his ineffective assistance claim in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court further determined that an adequate factual basis for accepting the plea and for finding the drug amount had been adduced at the change of plea hearing, in the presentence report, and at the sentencing hearing. The court also concluded that Mr. Barker clearly had been apprised of his Fifth Amendment right against self-incrimination at the change of plea hearing. Mr. Barker appeals this denial.

## II

### ANALYSIS

#### A.

■ The failure to raise an issue on direct appeal generally bars a defendant

from raising it later in a post-conviction proceeding. *United States v. Taglia*, 922 F.2d 413, 418 (7th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2040, 114 L.Ed.2d 125 (1991); *Norris v. United States*, 687 F.2d 899, 900 (7th Cir.1982). Constitutional claims may be raised for the first time in a collateral attack, however, if the defendant can demonstrate cause for the procedural default as well as actual prejudice from the failure to appeal. *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992).

■ Because he did not appeal his sentence directly, we first must consider whether Mr. Barker is entitled to appeal any of the issues he raised in his petition. The district court did not explain in its order the bases for finding cause to excuse Mr. Barker's failure to appeal. Nor did it directly address any resulting prejudice from Mr. Barker's failure. The denial of a defendant's Sixth Amendment right to effective assistance of counsel can excuse procedural default. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Velarde v. United States*, 972 F.2d 826, 827 (7th Cir. 1992).

■ In his petition, Mr. Barker adequately alleges that the cause for his procedural default, his failure to appeal, was the result of ineffective counsel.[2] He contends that he withdrew his appeal for two reasons: a "conflict of interest" with his attorney, and his attorney's "ineffective" appeal of only the sentence enhancement. Because his attorney on direct appeal was also his trial counsel, Mr. Barker is not barred from raising his ineffective assistance of trial counsel claim for the first time on post-conviction review. *See Velarde*, 972 F.2d at 827. We do not usually expect lawyers to raise the issue of their own ineffectiveness at trial on appeal. *Taglia*, 922 F.2d at 418.

**2.** Mr. Barker may not, however, raise issues on appeal that were not made in his petition. For example, on appeal he challenges the sentence enhancement for his role as an organizer or leader by asserting that the trial court failed to identify the five conspirators whom he organized. Nowhere in the petition is there a reference to this claim. Thus that argument is waived. *See, e.g., Borre v. United States*, 940 F.2d 215, 224 (7th Cir.1991).

As for the prejudice requirement, Mr. Barker generally asserts in his habeas petition that his plea was not knowingly and voluntarily made. Specifically, he insists that, because of his lawyer's bad advice, he misunderstood the government's method of proving the quantity of drugs in the conspiracy. Under these circumstances, Mr. Barker has alleged adequately prejudice: He would not have pleaded guilty had his lawyer not given him the incorrect advice. *See Nevarez–Diaz v. United States,* 870 F.2d 417, 423 (7th Cir.1989).

### B.

■ We must now examine whether this claim of ineffective assistance of counsel has been substantiated adequately.[3] The Sixth Amendment right to counsel entitles a defendant to the effective assistance of counsel. We evaluate whether an attorney's assistance is constitutionally adequate under the two-pronged test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland,* a petitioner must show that his attorney's conduct "fell below an objective standard of reasonableness" and "outside the wide range of professionally competent assistance." *Id.* at 688, 690, 104 S.Ct. at 2065, 2066. Additionally, the petitioner must demonstrate that, because of these errors, the outcome is unreliable or fundamentally unfair. *See Lockhart v. Fretwell,* —— U.S. ——, ——, 113 S.Ct. 838, 841, 122 L.Ed.2d 180 (1993). Because counsel is presumed effective, the petitioner bears a heavy burden to prove that his counsel was ineffective and that his defense was actually prejudiced. *United States v. Booker,* 981 F.2d 289, 292 (7th Cir.1992).

### 1.

Mr. Barker asserts that his guilty plea was involuntary and that he would not have pleaded guilty had his counsel not been ineffective. Mr. Barker contends that he misunderstood the consequences of his plea because his lawyer misinformed him about the calculation of drug quantities in his sentence determination, and because his lawyer misunderstood the law with respect to career offender status. The district court rejected these arguments.

■ Misinformation from a defendant's attorney, such as an incorrect estimate of the offense severity rating, standing alone, does not constitute ineffective assistance of counsel. *United States v. Arvanitis,* 902 F.2d 489, 494 (7th Cir.1990). However, we believe this case can be more expeditiously resolved by relying on the "prejudice" aspect of the test. "A mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." *Id.* (citing *Key v. United States,* 806 F.2d 133, 139 (7th Cir.1986)). In this context, the prejudice the petitioner must show is that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). In this case, even if advice from Mr. Barker's trial attorney had led to his misunderstanding of the consequences of his guilty plea, any such confusion was cured by the trial court. The court conducted a thorough examination at the hearing, taking careful and appropriate measures to dispel any confusion on Mr. Barker's part before the plea was accepted. Furthermore, Mr. Barker admitted that he understood the consequences. *See United States v. Lumpkins,* 845 F.2d 1444, 1450 (7th Cir. 1988). Thus the record reflects that Mr. Barker's guilty plea was voluntary and was made with full knowledge of its conse-

---

**3.** As a prefatory matter, we first consider Mr. Barker's claim that the district court erred in dismissing his petition without holding an evidentiary hearing. A § 2255 petition may be dismissed in a summary fashion if the record conclusively demonstrates that the petitioner is not entitled to relief. *United States v. Kovic,* 830 F.2d 680, 692 (7th Cir.1987), *cert. denied,* 484 U.S. 1044, 108 S.Ct. 778, 98 L.Ed.2d 864 (1988); *Key v. United States,* 806 F.2d 133, 137 (7th Cir.1986). No hearing is necessary if the allegations " 'are mere conclusions or are inherently unreliable.' " *United States v. Trussel,* 961 F.2d 685, 689 (7th Cir.1992) (quoting *United States v. Fountain,* 777 F.2d 351, 358 (7th Cir.1985), *cert. denied,* 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986)). Our review of the record indicates clearly that no evidentiary hearing was needed to determine that Mr. Barker is not entitled to any relief.

quences. Our review of the record convinces us that Mr. Barker has failed to establish that any misinformation by his attorney constituted ineffective assistance and that, but for such misinformation, he would not have pleaded guilty. We shall examine in detail his principle contentions.

Mr. Barker claims that his attorney misinformed him that, if he would plead guilty, then the government would later have to produce more than five kilograms of cocaine in order to obtain a sentence based on that amount. Mr. Barker informs us that he pleaded guilty as a result of this misinformation, and that he fully expected the government could not prove that he distributed more than five kilograms of cocaine. Now, following his sentence based on his distribution of more than five kilograms of cocaine, he insists that his guilty plea was not knowingly and voluntarily made.

The indictment charged that the conspiracy involved more than five kilograms of cocaine. At the plea hearing, the government proffered that it could prove at trial Mr. Barker's involvement with more than five kilograms of cocaine. Mr. Barker disputed that amount. He admitted that he distributed the cocaine involved in the substantive counts of the indictment, and that he negotiated with an undercover agent for more, but claimed that the total amount was less than five kilograms. The court, while attempting to clarify the drug amount to which Mr. Barker actually admitted, repeatedly explained to him that the quantity was not a factor in determining his guilt, but that it

made "a whale of a lot of difference" in terms of the sentence he was facing.

As the district court informed Mr. Barker, the amount of drugs is not a substantive element of the conspiracy offense. *United States v. Acevedo*, 891 F.2d 607, 611 (7th Cir.1989). Instead, the quantity becomes an issue in the enhanced penalty provision of 21 U.S.C. § 841(b)(1)(A), and is a matter left for sentencing determination. *United States v. Paiz*, 905 F.2d 1014, 1032 (7th Cir.1990), *cert. denied*, 499 U.S. 924, 111 S.Ct. 1319, 113 L.Ed.2d 252 (1991). We have previously upheld, in another context, the district judge's acceptance of a guilty plea when the defendant disputed the amount of drugs at his plea hearing, as Mr. Barker did.[4] Furthermore, Mr. Barker heard the government's proffer before he entered his plea and knew the basis of the government's claim that at least five kilograms of cocaine were involved in the conspiracy. It is significant that the district court and the government informed Mr. Barker several times at the hearing that he was facing a possible life sentence because of a sentencing range of thirty years to life. In light of such clear explanations, which Mr. Barker said he understood, his alleged reliance on his counsel's contrary statements was unreasonable.[5]

Mr. Barker's next argument concerning the voluntariness of his plea involves his eligibility for career offender status under the Sentencing Guidelines. Mr. Barker can be categorized as a career offender if he has been convicted of a crime of violence or a controlled substance offense and has two prior convictions fitting those categories.[6]

---

4. *See United States v. Musa*, 946 F.2d 1297, 1305 (7th Cir.1991). In *Musa*, the defendant, at a change of plea hearing, claimed confusion about the amount of drugs to which he was pleading guilty. He was told that the drug quantity was relevant to sentencing rather than to his guilt. This court held that the district judge properly accepted defendant's guilty plea. *Id.* at 1305–06.

5. A reviewing court must be able to rely on the safeguards required at a change of plea hearing in the form of Federal Rule of Criminal Procedure 11, which is designed to ensure that a plea is both knowing and voluntary. *See United States v. Seybold*, 979 F.2d 582, 586–87 (7th Cir.1992), *cert. denied*, — U.S. —, 113 S.Ct. 2980, 125 L.Ed.2d 677 (1993). The district court is obliged to lead the defendant carefully through

a battery of questions concerning voluntariness, and this questioning makes a record carrying the "presumption of verity." *United States v. Lawson*, 947 F.2d 849, 852 (7th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1505, 117 L.Ed.2d 643 (1992) (quoting *Key v. United States*, 806 F.2d 133, 136 (7th Cir.1986)). In this case Mr. Barker told the court he understood his maximum sentencing exposure. This court must be able to rely upon this evidence of understanding and acquiescence. We note that, at the change of plea hearing, the defendant was advised by the court of this right against self-incrimination. R.25 at 15–16, 22.

6. Mr. Barker has been convicted of conspiracy to distribute a controlled substance. He had two prior state court felony convictions, both of

U.S.S.G. § 4B1.1. At the change of plea hearing, both the court and the government explained that he qualified for career offender status, and that it put his sentence in a thirty year to life sentencing range. The court specifically asked Mr. Barker if he understood what it meant to be sentenced as a career offender, and Mr. Barker replied that he did. Because Mr. Barker was willing to plead guilty with the knowledge that he would be sentenced as a career offender, he can claim neither prejudice under the *Strickland* analysis nor error in the determination.

### 2.

■ Mr. Barker also alleges that his counsel's failure to appeal deprived him of relief from a variety of errors that, he contends, were made during the sentencing hearing. We cannot agree that Mr. Barker suffered "prejudice" in this regard because, upon examination of the record of the sentencing hearing, it is clear to us that no such errors were made at sentencing.

■ Mr. Barker contends that his sentence was incorrectly enhanced under U.S.S.G. § 3B1.1(a). That section permits a defendant's offense level to be increased by four levels if the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." A lawyer's incorrect estimate of the applicable sentencing enhancements, standing alone, does not constitute ineffective assistance of counsel. *Arvanitis,* 902 F.2d at 494. Moreover, we cannot say that the dis-

trict court erred in finding that Mr. Barker was the organizer or leader of five or more people during commission of the offense. *See United States v. Yanez,* 985 F.2d 371, 378–79 (7th Cir.1993).

Mr. Barker also argued in his petition that his sentence was erroneously enhanced under U.S.S.G. § 2D1.1(b) for possession of a firearm "during commission of the offense," and that his counsel was ineffective in preventing this erroneous enhancement. We disagree. Although the matter was hotly contested at the sentencing hearing,[7] there was an adequate basis for finding that a firearm was possessed during the time of the conspiracy. *See United States v. Franklin,* 896 F.2d 1063, 1065–66 (7th Cir.1990) (finding that weaponry was connected to drug offense not "clearly improbable").

Our examination of the record also convinces us that the district court correctly determined that Mr. Barker was a career offender. The court correctly noted that, under U.S.S.G. § 4A1.2(e)(1), the defendant's prior sentences of imprisonment fell within the statute's time periods and thus may be considered in making the determination.[8] We are also convinced that the record supports the district court's determination that the amount of drugs involved exceeded five kilograms.

### Conclusion

For the foregoing reasons, we affirm the district court's denial of the § 2255 petition.[9]

---

which were either a "crime of violence" or a "controlled substance offense" according to the definitions provided in U.S.S.G. § 4B1.2. These offenses came within the relevant time period and made him a career offender. *See* U.S.S.G. § 4A1.2(e)(1).

7. Our examination of the sentencing hearing transcript removes any doubt about the conduct of Mr. Barker's attorney. His attorney filed objections to the presentence report and further argued to the court concerning Mr. Barker's status as a career offender. Although his arguments failed, his efforts on behalf of Mr. Barker defeat any showing of ineffective assistance under the *Strickland* test.

8. When Mr. Barker was sentenced, U.S.S.G. § 4A1.2(e)(1) provided and still provides:
Any prior sentence of imprisonment exceeding one year and one month that was imposed

within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

9. At oral argument, Mr. Barker's counsel stated he was not appealing the district court's denial of his motion under Federal Rule of Civil Procedure 60(b). Mr. Barker appealed this denial and argued the claim in his pro se appellate brief. The claim is frivolous, and the court's denial is affirmed. The district court did not err in failing to grant a new trial on the defendant's assertion that a book that he read "brainwashed" him and transformed him into a drug dealer.

"[T]he result of the sentencing proceeding in this case was rendered neither unreliable nor fundamentally unfair." *Lockhart v. Fretwell,* — U.S. —, —, 113 S.Ct. 838, 841, 122 L.Ed.2d 180 (1993).

AFFIRMED.