51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Cesar A. BOLIVAR, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-2829.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 6, 1995.*
Decided April 7, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Cesar A. Bolivar appeals the district court's denial of his motion to vacate or set aside his sentence pursuant to 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 In 1988, Bolivar pleaded guilty to two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to consecutive terms of twelve and twenty years imprisonment, and filed a direct appeal. While his appeal was pending, Bolivar filed a motion in the district court, under Rule 35 of the Federal Rules of Criminal Procedure, to correct his sentence. The district court granted the motion and resentenced Bolivar to concurrent terms of imprisonment. Thereafter, Bolivar's direct appeal was decided in a published opinion, United States v. Duprey, 895 F.2d 303 (7th Cir.1989), cert. denied, 495 U.S. 906 (1990). This court affirmed Cesar's sentence, but remanded to the district court to impose a term of special parole instead of supervised release. Id. at 310-11.
 
 
 3
 Bolivar filed three subsequent motions in the district court, pursuant to Rule 35 of the Federal Rules of Criminal Procedure (Correction or Reduction of Sentence). In the first, Bolivar claimed that he had accepted rehabilitation and should have his sentence reduced. The district court denied the motion. In the second, Bolivar claimed that the 1986 amendments to 21 U.S.C. Sec. 841(b), which had enhanced Bolivar's sentence, were not applicable to Bolivar. The district court denied the motion because this issue had been decided in Bolivar's direct appeal. In the third Rule 35 motion, Bolivar argued that he should be eligible for parole. The district court denied the motion, Bolivar appealed, and this court affirmed the judgment of the district court. While Bolivar's appeal of the third Rule 35 motion was pending, he brought this motion to correct his sentence under 28 U.S.C. Sec. 2255. It is the district court's denial of the Sec. 2255 motion that is before us today.
 
 
 4
 Bolivar raises two issues on appeal. First, Bolivar argues that the district court violated Rule 11 of the Federal Rules of Criminal Procedure because it did not inform Bolivar that he was not eligible for parole. Second, Bolivar argues he received ineffective assistance of counsel, because his counsel at the plea hearing mislead Bolivar into thinking that he was eligible for parole.
 
 
 5
 Relief under Sec. 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental miscarriage of justice." Bischel v. United States, 32 F.3d 259, 263 (7th Cir.1994) (quoting Borre v. United States, 940 F.2d 215, 217 (7th Cir.1991)).
 
 
 6
 "[T]he Constitution does not require that a defendant be furnished 'with information about parole eligibility in order for the defendant's plea of guilty to be voluntary, and indeed such a constitutional requirement would be inconsistent with the current rules of procedure governing the entry of guilty pleas in the federal courts.' " United States v. Fox, 941 F.2d 480, 486 (7th Cir.1991) (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985)), cert. denied, 502 U.S. 1102 (1992). Additionally, Rule 11 of the Federal Rules of Criminal Procedure does not require the district court to admonish the defendant as to his parole eligibility. In Bolivar's case, because the district court was under no constitutional duty to inform Bolivar of his parole eligibility, Bolivar cannot attack the lack of such an admonition on a Sec. 2255 motion.
 
 
 7
 Bolivar claims that during the plea agreement phase of his case his counsel was constitutionally deficient. Specifically, Bolivar contends that his counsel erroneously informed him that he would be eligible for parole. To succeed on an ineffective assistance of counsel claim, Bolivar must show both that his counsel's representation fell below an objective standard of reasonableness, and that any deficiencies in counsel's performance caused prejudice. Strickland v. Washington, 466 U.S. 668, 688-92 (1984). Bolivar fails this test. "Misinformation from a defendant's attorney, such as an incorrect estimate of the offense severity rating, standing alone, does not constitute ineffective assistance of counsel." Barker v. United States, 7 F.3d 629, 633 (7th Cir.1993) (citing United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir.1990)), cert. denied, 114 S.Ct. 939 (1994). Regarding Bolivar's parole eligibility, the issue of the effective start date of Sec. 1002 of the Anti-Drug Abuse Act of 1986, which precludes parole for Bolivar's offenses, was a matter of first impression for this court. Duprey, 895 F.2d at 311. We are not convinced that counsel's alleged prediction, erroneous only in hindsight, is sufficient to establish that his representation of Bolivar was constitutionally deficient.
 
 
 8
 Additionally, to establish prejudice, Bolivar must show that "there is a reasonable probability that, but for counsel's errors, [Bolivar] would not have pleaded guilty and would have insisted on going to trial." Barker, 7 F.3d at 633 (quoting Hill, 474 U.S. at 59). At the change of plea hearing, the district court specifically asked Bolivar whether any promises had been made to him to induce his guilty plea. Bolivar answered that there had been no promises, by the government or anyone else. (Change of Plea Tr. at 10). Hence, it appears that counsel's alleged advice regarding parole eligibility did not prejudice Bolivar. The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record