61 F.3d 905
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Edward J. KUFFEL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3491.
 United States Court of Appeals, Seventh Circuit.
 Argued July 6, 1995.
Decided July 20, 1995.
 
 Before CUMMINGS, CUDAHY and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Edward Kuffel pled guilty to a number of federal weapons violations. He claims in a 28 U.S.C. Sec. 2255 action that the plea was the result of coercion because he was told by his attorney that he could only receive medical attention if he were to plead guilty and transfer from the Metropolitan Correctional Center in Chicago ("MCC") to a federal medical facility. The same allegations led to a claim of ineffective assistance of counsel. The district court, after a hearing, held that the guilty plea was made knowingly and voluntarily, noting the thoroughness of the procedures under Rule 11 of the Federal Rules of Criminal Procedure at the time of the plea, and finding that Kuffel "got excellent medical care" once physicians at the MCC made a diagnosis of Kuffel's problems. This finding relied upon credibility determinations and was not clearly erroneous. Therefore we affirmed the judgment from the bench after oral argument, adding that this order would follow.
 
 Facts
 
 2
 In 1984, Kuffel filled out an application form to buy a revolver in which he falsely represented that he had never been convicted of a felony. A few years after his arrest with the revolver in his possession, an indictment charged him with various federal weapons violations; in 1991, Kuffel pled guilty to making false statements to obtain a firearm, and of possession of a firearm by a felon. 18 U.S.C. Secs. 922(a)(6), 1202(a)(1). At the plea hearing, Kuffel testified under oath that he knowingly lied when filling out the Alcohol, Tobacco and Firearms Treasury Department form. During the plea hearing and at the sentencing hearing, Kuffel complained about the medical treatment he was receiving at the MCC, but never claimed that the medical care had anything to do with his guilty plea. The court sentenced Kuffel to five and one half years' imprisonment and Kuffel did not appeal. In July 1993, however, Kuffel filed a motion under 28 U.S.C. Sec. 2255.
 
 
 3
 The district court held a hearing on the motion fourteen months later. Kuffel testified that at the time he pled guilty, he was suffering from a thyroid problem, was diabetic, had an ulcer, had a swollen tongue, had difficulty sleeping, had diarrhea, was hallucinating, and suffered from other ailments. Kuffel also testified that prior to his guilty plea he complained about these conditions to doctors and guards at the MCC but was refused treatment, and did not receive treatment until he pled guilty, when he was sent to Chicago Osteopathic Hospital. Kuffel claimed that he told his attorney, Mary Rowland, that he was only pleading guilty to get out of the MCC.
 
 
 4
 On cross-examination, however, Kuffel admitted that a month before the guilty plea, the MCC gave him the same prescription the hospital did later. He also acknowledged that while in the MCC, he received Tagamet for his ulcer. There was no indication in the medical records of his ever being denied Tagamet. Kuffel admitted that when he complained about medical treatment to his trial attorney, she relayed the complaints to the district judge, who accepted Kuffel's word and issued orders to the MCC. Kuffel did not identify any complaint which he made to his lawyer or to the judge which was ignored, other than the fact that the MCC gave him non-narcotic pain relief instead of codeine.
 
 
 5
 Trial attorney Rowland testified and denied ever telling Kuffel that he had to plead guilty to receive proper medical care, though she told Kuffel that she thought he would receive better medical care if he were transferred to a federal medical facility, but cautioned that she could not guarantee that Kuffel would be sent to a medical facility. She said Kuffel never told her that he was pleading guilty to get better medical care; she further noted that there was not a problem with getting an early trial date, and that Kuffel never expressed concern about delay in getting a trial date.
 
 
 6
 The district court refused to credit Kuffel's testimony at the hearing over his earlier testimony at the Rule 11 proceeding; he also refused to credit Kuffel's testimony about the extent of his medical impairments at the time of sentencing. The court found that Ms. Rowland had adequately represented Kuffel and had timely communicated his medical complaints to the district court. The petition to vacate the guilty plea was denied,and Kuffel therefore brought this appeal.
 
 Analysis
 
 7
 The failure to raise an issue on direct appeal generally bars a defendant from raising it later in a post-conviction proceeding. United States v. Frady, 456 U.S. 152; Barker v. United States, 7 F.3d 629, 632 (7th Cir. 1993). Constitutional claims may be raised for the first time in a collateral attack, however, if the defendant can demonstrate cause for the procedural default as well as actual prejudice from the failure to appeal. Frady, 456 U.S. at 167-168; Barker, 7 F.3d at 632; Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992).
 
 
 8
 As in Barker, Kuffel did not appeal his sentence directly; as in Barker, the district court here did not explain in its order the bases for finding cause to excuse Kuffel's failure to appeal, nor directly address any resulting prejudice from that failure. But in Barker, general allegations of ineffective assistance of counsel causing a guilty plea that was not knowingly and voluntarily made were sufficient to demonstrate cause and prejudice under Frady when the appellate counsel would have been the same person as the trial counsel, so that the court would reach the merits on post-conviction review. 7 F.3d at 632-633. Here trial and appellate counsel differ. Therefore the district court here should have addressed the consequences of the failure to appeal before it reached the merits.
 
 
 9
 On appeal from the denial of his Sec. 2255 motion, Kuffel asks us to reweigh the evidence and credibility determinations of the trial judge. But such credibility determinations are entitled to deference and will not be reversed unless clearly erroneous. United States v. Parker, 936 F.2d 950, 953-954 (7th Cir. 1991). Kuffel did not and does not present any evidence other than his own testimony to overcome the presumption of the correctness of the Rule 11 record, much less demonstrate that the district court's findings were clearly erroneous.
 
 
 10
 The judgment is affirmed.