81 F.3d 163
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James A. FERGUSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 95-2666, 95-2667.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 19, 1996.*
Decided March 27, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied May 7, 1996.
 
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 James A. Ferguson brings this motion pursuant to 28 U.S.C. § 2255 claiming that his sentence violates the double jeopardy clause. Ferguson was indicted for drug trafficking and possession of a weapon on December 16, 1992. On February 9, 1993, the government brought an action for civil forfeiture of Ferguson's assets. Ferguson filed a claim and answer contesting the forfeiture, and the district court scheduled a Pretrial Conference Hearing for March 17, 1993. However, Ferguson failed to appear at the hearing and fled the jurisdiction of the district court, prompting the court to order his arrest. On May 7, the court granted a motion by the government to strike Ferguson's claim and answer, and on May 14, the court granted default judgment for the government. Ferguson subsequently was arrested in Florida and returned to Wisconsin.
 
 
 2
 On July 23, 1993, Ferguson agreed to plead guilty to one count of possession with intent to distribute cocaine, one count of possession of a firearm by a felon, and one count of failure to appear for a court ordered hearing. The district court found Ferguson guilty on September 23, 1993, and sentenced him to 121 months' imprisonment for the drug conviction, 120 concurrent months for the firearm conviction, and two consecutive months for the flight conviction. Ferguson did not appeal but now brings this motion contending that the civil forfeiture proceeding constituted punishment for his crime and that his sentence violates the Double Jeopardy clause. United States v. Halper, 490 U.S. 435, 448, 109 S.Ct. 1892, 1901-02 (1989).
 
 
 3
 Because Ferguson never raised this issue on direct appeal, he must demonstrate both cause and prejudice for his failure to do so. Dawson v. United States, No. 95-2362, slip op. at 6 (7th Cir. Feb. 23, 1996). The district court denied Ferguson's motion because he did not show cause. We agree. Ferguson argues that his double jeopardy claim depended on two cases decided subsequently and contemporaneously to his guilty plea: Department of Revenue v. Kurth Ranch, 114 S.Ct. 1937 (1994) and Austin v. United States, 113 S.Ct. 2801 (1993). He claims cause on the ground that he had no way of knowing that he had a viable double jeopardy claim prior to these decisions. Because his double jeopardy claim was not dependent upon these cases, it is not necessary to delve into the details of his argument. In Halper, the Supreme Court held that civil penalties may violate the Double Jeopardy Clause when the goal of the civil penalty is to punish. Austin examined whether civil forfeitures may violate the Excessive Fines clause. Kurth Ranch examined whether a taxation statute constituted a punishment and thus violated the Double Jeopardy Clause. Further, in 1992, this court noted that in some circumstances a civil forfeiture proceeding may place a defendant in jeopardy and thus bar a subsequent criminal prosecution. Unites States v. Furlett, 974 F.2d 839, 843 n. 2 (7th Cir.1992). Ferguson did not need Kurth Ranch or Austin to be aware of the possible double jeopardy defense, and therefore cannot establish cause for his failure to bring this issue on direct appeal. Haley v. United States, Nos. 95-2606 & 95-2607, slip op. at 3-4 (7th Cir. Feb. 27, 1995).
 
 
 4
 Ferguson also raises other claims contesting the civil forfeiture and his sentence. However, because he did not present these issues to the district court in his petition, they are waived. Barker v. United States, 7 F.3d 629, 632 n. 2 (7th Cir.1993), cert. denied, 114 S.Ct. 939 (1994).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)