[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12390
Non-Argument Calendar
_____

D.C. Docket Nos. 1:15-cv-00092-WLS,
1:13-cr-00033-WLS-TQL-1

JAMES L. STILLWELL, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 21, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Appellant James Stillwell, proceeding *pro se*, appeals the district court's

order denying his motion vacate, set aside, or correct his sentence filed pursuant to

28 U.S.C. § 2255.  On appeal, Stillwell argues that the district court erred in denying, without an evidentiary hearing, his claim that his counsel rendered ineffective assistance by advising him that the conduct related to two dismissed counts would not be considered relevant conduct for sentencing and that his appeal waiver would not prevent him from appealing the district court's guidelines calculations.  After careful review, we affirm.

## I.    BACKGROUND

In July 2013, Stillwell was charged with three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) ("Counts 1 through 3"). Stillwell later pled guilty to one count of possession of a firearm by a convicted felon (Count 1) pursuant to a written plea agreement.  The plea agreement stated that Count 1 carried a maximum sentence of 10 years' imprisonment.  In exchange for Stillwell's guilty plea to Count 1, the Government agreed to dismiss Counts 2 and 3.  The agreement further stated that pursuant to the relevant conduct provision under U.S.S.G. § 1B1.3, the facts underlying the dismissed Counts 2 and 3 would be considered in determining Stillwell's sentence.  The plea agreement also contained an appeal waiver that stated:

> The Defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence.  But once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or other collateral

2

review of defendant's sentence in any court.  However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence.  In the event that the defendant retains the right to a direct appeal, that right is limited appealing sentencing issues only.

Stillwell initialed each page of the plea agreement and signed the agreement acknowledging that he fully understood and agreed to its terms.

At the plea hearing, the district court explained that by pleading guilty to Count 1, Stillwell faced a maximum sentence of ten years' imprisonment.  Stillwell stated that he had read and discussed the plea agreement with his attorney and believed that he understood its terms.  The district court informed Stillwell that any recommendations in the plea agreement were merely recommendations and that it would be up to the court to decide Stillwell's sentence.  Stillwell acknowledged that he would not have grounds to withdraw his guilty plea if his sentencing guidelines range ended up being different than he expected.

The district court also explained that Stillwell was giving up his right to appeal any sentence imposed, except for specific circumstances, such as ineffective assistance of counsel and prosecutorial misconduct, if he received a sentence above the guideline range, or if the Government appealed.  Stillwell stated that he understood.  The district court reiterated that "[e]xcept for those three general circumstances . . . [Stillwell was] waiving or giving up [his] right to appeal forever,

3

in any Court, the sentence handed down because of a plea of guilty." Stillwell acknowledged that he understood and stated that he did not have any questions about the appeal waiver.

The Government summarized the facts that it would have proven at trial, including the facts from the dismissed Counts 2 and 3 pursuant to the relevant conduct provision under U.S.S.G. § 1B1.3. Apart from some immaterial factual disagreements, Stillwell acknowledged that the Government could prove those facts at trial. Stillwell stated that he had no questions about pleading guilty. In fact, he told the district court: "Everything is clear." Consequently, the district court found that Stillwell entered the guilty plea knowingly and voluntarily.

The Presentence Investigation Report assigned Stillwell a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(B). He received the following: (1) a 6-level enhancement under § 2K2.1(b)(1)(C) because the offense involved 25 to 99 firearms; (2) a 2-level enhancement under § 2K2.1(b)(1)(4)(A) because the offense involved a stolen firearm; and (3) a 4-level enhancement under § 2K2.1(b)(6)(B) because he possessed a firearm in connection with another felony offense. With a 3-level reduction for acceptance of responsibility, Defendant's total offense level was 29. Based on a total offense level of 29 and a criminal history category of I, Defendant's guideline range was 87 to 108 months' imprisonment. Defendant objected to the probation officer's consideration of conduct related to the two

dismissed felon-in-possession counts for purposes of calculating the guideline range.

At the sentencing hearing, Stillwell reiterated his objection, arguing that his three felon-in-possession charges were separate crimes with separate facts, and therefore were not relevant to the calculation of the guideline range. The district court overruled the objection, explaining in part that Defendant's plea agreement stated that the facts relevant to the two dismissed felon-in-possession charges would be considered in determining Stillwell's sentence pursuant to the relevant conduct provision under U.S.S.G. § 1B1.3. The district court therefore sentenced Stillwell to 108 months' imprisonment. We dismissed Stillwell's direct appeal on the ground that it was barred by the appeal waiver in his plea agreement.

In June 2015, Stillwell filed the present § 2255 motion raising two grounds for relief. Of relevance to this appeal, he argued that his attorney was ineffective for advising him that his appeal waiver would not prevent him from appealing errors in his guideline calculations. Based on his attorney's advice, he pled guilty instead of going to trial. He also attached a letter he received from his attorney, Keith FitzGerald, in which FitzGerald stated the following:

> I provided you with incorrect information at your plea. While I knew there was an appeal waiver in the plea agreement, I failed to research whether or not that appeal waiver also waived appeals of the sentencing guideline calculations. Based on my advice that even though there was a plea waiver, we could appeal the guideline calculation, you decided to plead guilty. Additionally, when the judge

5

asked if you were aware of the plea waiver, I told you to say yes based on my incorrect assumption.

A magistrate judge issued a Report and Recommendation ("R&R"), recommending that Stillwell's § 2255 motion be denied.  The magistrate judge concluded that Stillwell's guilty plea was knowing and voluntary and that Stillwell had the opportunity to object to the appeal waiver but did not do so.  Moreover, even if Stillwell's attorney incorrectly advised him regarding the appeal waiver, Stillwell was not prejudiced by his attorney's alleged deficient performance because the district court did not err in calculating Stillwell's guideline range.  The magistrate judge also determined that an evidentiary hearing was unnecessary. Accordingly, the magistrate judge recommended that the district court deny the § 2255 motion, as well as a certificate of appealability.

In his objections to the R&R, Stillwell asserted that his plea was not knowing and voluntary because he pled guilty based on erroneous advice from his attorney.  He also disagreed with the magistrate judge that the evidence did not warrant an evidentiary hearing.

The district court overruled Stillwell's objections and adopted the R&R. Specifically, the district court determined that, even if Stillwell's counsel incorrectly advised him that he would be able to appeal his sentence, Stillwell's own plea agreement combined with the district court's statements during the plea colloquy were sufficient to inform Stillwell that such advice would have been

6

erroneous. Therefore, Stillwell had failed to show that but for his attorney's alleged incorrect advice, he would not have pled guilty. Because the record showed that Stillwell's claim lacked merit, the district court concluded that an evidentiary hearing was not warranted. Accordingly, the district court denied Stillwell's § 2255 motion. The district court also denied a certificate of appealability.

A member of this Court subsequently granted Stillwell a certificate of appealability on the following issue:

> Whether the district court erred in denying, without an evidentiary hearing, Stillwell's claim that his counsel was ineffective when counsel advised him that (1) his appeal waiver would not prevent him from appealing his sentencing guideline calculations and (2) the conduct related to the two dismissed counts could not be used at sentencing.

## II.    DISCUSSION

We review the legal issues relating to a § 2255 proceeding *de novo* and the factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We review the district court's denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).

A prisoner is "entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief." *Id.* at 1216 (quotations omitted). However, an evidentiary hearing is not necessary if "the motion and the files and records of the

7

case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The district court does not have to hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record. *Winthrop-Redin*, 767 F.3d at 1216.

To demonstrate ineffective assistance of counsel, a § 2255 movant must show that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) the movant suffered prejudice as a result of the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Prejudice requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. There is no need to address both prongs if the movant fails to show either deficient performance or prejudice. *Id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry of the defendant makes an insufficient showing on one.").

We have applied the two-part *Strickland* test to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58–60 (1985). To satisfy the prejudice prong in this context, the movant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United*

8

*States*, 137 S. Ct. 1958, 1965 (2017) (quotation omitted).  We have explained that in order to be entitled to relief in such cases, the prisoner must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Downs-Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985) (quoting *McMann v. Richardson*, 397 U.S. 759 (1970)).

Here, the district court did not err by denying, without an evidentiary hearing, Stillwell's ineffective-assistance claim because Stillwell cannot show prejudice.  Assuming that Stillwell's counsel performed deficiently by advising him that his appeal waiver would not prevent him from appealing the district court's guidelines calculations and that the conduct related to Counts 2 and 3 would not be used at sentencing, Stillwell has failed to show that, but for his counsel's advice, he would not have pled guilty and would have instead insisted on going to trial.  *See id.*  Stated another way, Stillwell has not shown that his counsel's erroneous advice rendered his guilty plea involuntary.  *See Downs-Morgan*, 765 F.2d at 1538–39.

Stillwell's plea agreement and the plea colloquy provided Stillwell with detailed and specific information pertaining to the scope of the appeal waiver and the conduct that would be considered at sentencing.  The plea agreement advised Stillwell about the maximum sentence he faced, the terms of the sentence appeal waiver and its limited exceptions, the district court's broad discretion in

sentencing, and that his conduct in Counts 2 and 3 would be considered at sentencing. He initialed each page and signed the agreement acknowledging that he understood the terms of the agreement.

Further, during the plea colloquy, the district court explained that Stillwell faced a statutory maximum of 10 years' imprisonment, that the recommendations in the plea agreement were not binding on the court, and that any estimate by counsel as to the guideline range may not be accurate. The district court also explained in detail that Stillwell was giving up his right to appeal, with the limited exceptions that he could appeal if he was sentenced above the guidelines range calculated by the district court or if the Government appealed. Moreover, the Government even summarized the facts underlying the dismissed Counts 2 and 3 that it would prove at trial.

Stillwell also acknowledged that he had signed and initialed his plea agreement and that he had no questions concerning his guilty plea. He even went as far as saying that, "[e]verything is clear," when asked by the district court if he had any questions about what the district court had explained. Stillwell's statements made under oath in open court that he understood his appellate rights and that the Government could prove the facts underlying Counts 2 and 3 carry a strong presumption of validity. *Blackledge v. Allison*, 431 U.S. 62, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *see*

*also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the colloquy are true.").

In short, Stillwell cannot establish prejudice because both the plea agreement and the district court informed him that he could not rely on counsel's estimated sentence, that the court retained all sentencing discretion, and that the conduct in Counts 2 and 3 would be considered at sentencing.  Because the district court explained the sentencing and appeal-waiver provisions of the plea agreement to Stillwell, and Stillwell stated under oath that he understood them, any misunderstanding created by counsel's advice was remedied by the district court. *Cf. Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) (concluding that defendant failed to show prejudice because any misinformation from counsel regarding plea consequences was "cured" by district court's colloquy).

Finally, the district court did not abuse its discretion by declining to hold an evidentiary hearing because, as discussed above, Stillwell's contention that he would not have pled guilty but for his counsel's advice is contradicted by the record, namely the plea agreement and the plea colloquy.  *See Rosin v. United States*, 786 F.3d 873, 879 (11th Cir. 2015) (concluding that the district court did not abuse its discretion by failing to hold an evidentiary hearing because the § 2255 movant's allegations of prejudice were affirmatively contradicted by the record).

11

## III.    <u>CONCLUSION</u>

For the foregoing reasons, the district court's denial of Stillwell's § 2255 motion, without an evidentiary hearing, is **AFFIRMED.**