73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Craig T. AGRELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2865.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 20, 1995.*
Decided Dec. 20, 1995.
 
 Before CUMMINGS, KANNE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Craig Agrell moved to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. Sec. 2255. The district court denied the motion, and Agrell appeals. We affirm.
 
 
 2
 Agrell was convicted of conspiracy to distribute cocaine and possession of cocaine with intent to distribute under 21 U.S.C. Secs. 841(a)(1) & 846 and 18 U.S.C. Sec. 2. He was sentenced to two terms of 188 months of imprisonment to be served concurrently with each other, six years of supervised release, participation in drug screening, and a $100 special assessment. Agrell's trial counsel also represented him on appeal, where he argued that the district court erred in refusing to grant a mistrial motion after striking prejudicial testimony, applying the Sentencing Guidelines to his conduct, denying a two-point reduction for acceptance of responsibility, and considering a 1970 conviction for smuggling marijuana in his criminal history. United States v. Agrell, 965 F.2d 222 (7th Cir.1992). This court rejected those arguments and affirmed. Id. at 229. One year later, Agrell filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. Sec. 2255.
 
 
 3
 "When reviewing a district court's decision to grant or deny a federal prisoner's section 2255 petition, we consider all questions of law de novo. However, we review all factual determinations for clear error." Stoia v. United States, 22 F.3d 766, 768 (7th Cir.1994). A Sec. 2255 petition does not substitute for a direct appeal. Olmstead v. United States, 55 F.3d 316, 319 (7th Cir.1995). Consequently, a petitioner who has failed to raise constitutional claims on direct appeal is barred from raising them in a Sec. 2255 proceeding unless he can establish both good cause for the previous failure and prejudice resulting from it. United States v. Frady, 456 U.S. 152, 167-68 (1982); Barker v. United States, 7 F.3d 629, 632 (7th Cir.1993), cert. denied, 114 S.Ct. 939 (1994). Additionally, "[a]lthough res judicata does not apply in Sec. 2255 proceedings, 'the court may still exercise its discretion not to reconsider issues already decided at trial, on direct appeal, or in prior Sec. 2255 proceedings.' " Olmstead, 55 F.3d at 319 (quoting Taylor v. United States, 798 F.2d 271, 273 (7th Cir.1986), cert. denied, 479 U.S. 1056 (1987)). Issues decided on direct appeal are final absent changed circumstances of fact or law. Id.
 
 
 4
 Agrell asserts that his trial was so riddled with errors that it was constitutionally defective. To establish cause for his failure to argue these errors previously, he alleges ineffective assistance of counsel. Ineffective assistance may constitute cause to support a Sec. 2255 motion. Murray v. Carrier, 477 U.S. 478, 488 (1986). In fact, where a petitioner had the same attorney at both trial and appellate proceedings, as did Agrell, a Sec. 2255 proceeding may be the first opportunity to present an ineffective assistance claim. See United States v. Taglia, 922 F.2d 413, 418 (7th Cir.) (counsel for both trial and appeal "can hardly be expected to challenge on appeal his own effectiveness at trial"), cert. denied sub nom. McDonnell v. United States, 500 U.S. 927 (1991).
 
 
 5
 To establish ineffective assistance, Agrell must meet the two-part test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984). Barker, 7 F.3d at 633. Thus, he must show that his attorney's conduct "fell below an objective standard of reasonableness" and outside "the wide range of professionally competent assistance," Strickland, 466 U.S. at 688-89, and that there is a reasonable probability that the result is unreliable or fundamentally unfair. Id. at 694. See also Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993). To succeed with his claim, Agrell must overcome a strong presumption in favor of counsel's effectiveness. Strickland, 466 U.S. at 690; Barker, 7 F.3d at 633.
 
 
 6
 Agrell advances several illustrations of counsel's ineffectiveness.[1] His first issue (failure to present witnesses) was not argued in the district court and thus will not be considered on appeal.[2] Two more issues (failure to object to the sufficiency of the evidence and failure to object to the admission of extrinsic acts) actually were addressed during Agrell's direct appeal. This court held that the government presented evidence sufficient to establish Agrell's part in an ongoing conspiracy. Agrell, 965 F.2d at 227. Regarding extrinsic evidence, it rejected Agrell's argument that the district court erred in admitting and then striking the testimony of Daniel Davis, whose admissions went more toward the issue of Agrell's character than to a legitimate evidentiary purpose. Id. at 225-26. Although Agrell contends that counsel's failure to present these arguments constitutes ineffective assistance, the arguments did not remain unpresented, and consequently they do not support a claim of ineffective assistance.
 
 
 7
 Agrell also presents two issues involving jury instructions. He claims that counsel was ineffective because he failed to request or to argue on appeal the lack of "addict-informant" or "multiple conspiracy" instructions. Agrell, however, has not shown that he was entitled to either instruction. An "addict-informant" instruction is only necessary when the witness is determined to be a drug addict. United States v. Manganellis, 864 F.2d 528, 544 (7th Cir.1988). Although admittedly the witnesses who testified for the government were involved with cocaine, Agrell cites no evidence (beyond his own conclusory allegations) that they were addicts. See United States v. Yarbough, 55 F.3d 280, 284 (7th Cir.1995) (not error for district court to refuse instruction where witness, although he had been a drug user, was not considered addict at time of trial). Similarly, there is no evidence (beyond Agrell's assertions) that a multiple conspiracy instruction was warranted. On the contrary, this court recognized the existence of a single large conspiracy in Agrell's direct appeal. Agrell, 965 F.2d at 223-24, 227. See United States v. Herrera-Rivera, 25 F.3d 491, 497 (7th Cir.1994) ("The evidence supports the jury's conclusion that one conspiracy existed, the defendant has not shown that he was entitled to a multiple conspiracy instruction, and accordingly we dismiss this argument.") Because Agrell was not entitled to "addict-informant" or "multiple conspiracy" instructions, failure to request such instructions or argue their omission does not constitute ineffective assistance of counsel.
 
 
 8
 Agrell's final issue involves counsel's failure to argue a Brady issue. Under Brady v. Maryland, 373 U.S. 83 (1963), the prosecution must disclose exculpatory evidence to the defense. Agrell claims that the government neglected to disclose information with which the defense could have impeached government witnesses. Impeachment evidence falls under the Brady standard. United States v. Bagley, 473 U.S. 667, 676 (1985). Under Bagley, however, to require a new trial the evidence must be material, "in the sense that its suppression undermines confidence in the outcome of the trial." Id. at 678. Not only does Agrell not identify this information or state how it would have aided his case, but also he states that the information was unknown to the defense "until After defendant's trial began when the defendant discovered the exculpatory material through examination of the witnesses." Appellant's Trial Brief, Record 89 at 39. If the information was presented to the jury during Agrell's cross-examination, its suppression does not undermine confidence in the trial's result. Counsel's failure to argue the issue did not constitute ineffective assistance.
 
 
 9
 Finally, Agrell's conclusory allegations that counsel failed to prepare adequately for trial and failed to investigate Agrell's case are totally unsupported by evidence either in Agrell's brief or in the record.
 
 
 10
 Agrell has not been able to establish ineffective assistance of counsel either at trial or on direct appeal. Consequently, he has not shown good cause for failing to present these claims on direct appeal, and the district court's denial of his motion to vacate, set aside, or correct his sentence is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Although appellant did not respond to the notice, he requested oral argument in his opening brief. Upon consideration of that statement, the briefs, and the record, the request is denied and the appeal is submitted on the briefs and the record
 
 
 [1]
 In his appellate brief, unlike his extensive submission to the district court, Agrell presents general contentions but fails to argue each of his points fully or cite specific examples. Although we recognize that "general or vague allegations of error are insufficient to rebut the presumption of competent representation," United States v. Herrera-Rivera, 25 F.3d 491, 497 (7th Cir.1994), because a pro se litigant is entitled to a more liberal reading of his complaint, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), we have attempted to identify in the record examples of the defects appellant cites
 
 
 [2]
 Further, even were we to consider this issue, the contention that the argument was not presented is meritless. "Agrell presented an alibi defense at trial, calling several witnesses who testified that he was living in Colorado during the winter and had not returned to Wisconsin on May 29, 1987, the date his house was searched." Agrell, 965 F.2d at 224