**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**OCT 15 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LAVELLE HENDERSON,

    Defendant - Appellant.

No. 02-3426
(D.C. No. 01-CR-40020-01-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

Defendant-Appellant Lavelle Henderson ("Defendant") was convicted by a

jury in the District of Kansas on one count of engaging in a continuing criminal

enterprise in violation of 21 U.S.C. § 848 and one count of engaging in a money

laundering conspiracy in violation of 18 U.S.C. §§ 1956(h), 1957(a).  He was

sentenced to a term of life imprisonment.  Defendant now appeals from his

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conviction and sentence, alleging four propositions of error. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM his conviction and sentence.

## I.    SUFFICIENCY OF THE EVIDENCE

Defendant first contends that the evidence introduced at trial was insufficient to support his conviction for engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. To obtain a conviction under this section, the Government must prove: (1) a continuing series of violations of the Controlled Substances Act of 1970, 21 U.S.C. §§ 801 et seq., (2) that were undertaken in concert with five or more other persons with respect to whom the accused acted as organizer, supervisor or manager, and (3) from which the accused obtained substantial income or resources. 21 U.S.C. § 848(c)[1]; United

---

[1] The text of 21 U.S.C. § 848(c) states:

For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—

(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and

(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—

(A) which are undertaken by such person in concert with five or more
(continued...)

States v. Dickey, 736 F.2d 571, 587 (10th Cir. 1984). Defendant argues only that the evidence was insufficient to support the third element of the continuing criminal enterprise violation—that he obtained substantial income or resources from his continuing drug violations.

When considering a challenge to the sufficiency of the evidence to support a conviction, "[w]e review the evidence in the light most favorable to the government to determine whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Maynard, 236 F.3d 601, 609 (10th Cir. 2000) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original).[2] Because we find there was ample evidence to support Defendant's conviction for engaging in a continuing criminal enterprise, we AFFIRM his conviction.

_____

[1](...continued)
      other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

      (B) from which such person obtains substantial income or resources.

[2] Defendant raised his challenge to the sufficiency of the evidence before the district court in a motion for new trial, which the district court rejected. (11/21/02 Mem. & Order at 24.) We note that, on appeal, Defendant failed to provide this Court with any portion of the trial transcript in this case, as is his responsibility. See Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."). Thus, our review of the facts is limited to those portions of the record provided by the Government.

To support its argument that the evidence was sufficient to show that Defendant obtained "substantial income or resources" from the continuing criminal enterprise, the Government points to evidence of Defendant's participation in more than $486,000 of drug transactions from 1998 to March 2001. (Aple. Br. at 32-34.) Defendant does not dispute that he received that amount of revenue; he merely argues that the money did not constitute "substantial income or resources" because it was reinvested in drugs and not retained for "profit." He points to evidence that his only significant asset was a 1999 Cadillac Escalade valued at $21,000; that he owned no other luxury items nor possessed significant amounts of cash; that he accepted court-appointed counsel for his trial; that he had $27,000 of debt; and that his mother had substantial debt. (Aplt. Br. at 13-15.)

Under our precedents, Defendant's arguments must fail. This court has clearly stated that, to prove that a defendant obtained substantial income or resources, "the government 'need not prove a definite amount of net profit—it is sufficient to show substantial gross receipts, gross income or gross expenditures for resources.'" Maynard, 236 F.3d at 609 (quoting Dickey, 736 F.2d at 588). Thus, it was perfectly acceptable for the jury to consider the $486,000 in revenue, even if that amount was not used to purchase luxury items. Further, courts have held that drugs purchased with funds from other drug deals constitute "resources"

- 4 -

under § 848(c)(2)(B). United States v. Herrera-Rivera, 25 F.3d 491, 499 (7th Cir. 1994) ("Money or drugs are both 'resources' within the meaning of the statute."); United States v. Graziano, 710 F.2d 691, 698 (11th Cir. 1983) ("[E]vidence of Congress's general purpose supports our interpretation of marijuana as a § 848 resource."). Thus, Defendant's argument that he used the money merely to finance additional drug purchases is unavailing.

Finally, Defendant argues that a revenue stream of $486,000 over a period of four years does not constitute "substantial" income, as it amounts to only $162,000 per year. We have declined to define "substantial" as any particular amount, leaving this judgment up to the trier of fact. Maynard, 236 F.3d at 609 ("A precise definition has not been developed as to 'substantial income or resources,' and the practical meaning of the term is normally a question for the trier of fact.") (citing Dickey, 736 F.2d at 588; United States v. Hahn, 17 F.3d 502, 507 (1st Cir. 1994); United States v. Church, 955 F.2d 688, 697 (11th Cir. 1992)). We conclude that it was well within the jury's province to conclude the amounts proven in this case were indeed substantial. See Church, 955 F.2d at 697 ("This court has held that 'evidence that large amounts of cocaine and tens of thousands of dollars passed through the operation' satisfies [the substantial income or resources] element."); United States v. Medina, 940 F.2d 1247, 1251 (9th Cir. 1991) (holding that involvement in $33,000 of drug transactions may

satisfy the "substantial income or resources" element of § 848(c)); United States v. Jones, 801 F.2d 304, 310 (8th Cir. 1986) (rejecting the argument that the continuing criminal enterprise statute "was designed to reach 'Mafia-type Godfathers' not 'Arkansas residents living in rented houses and riding old motorcycles'"). Defendant's conviction is therefore affirmed.

## II.   SENTENCING ISSUES

The district court sentenced Defendant to life imprisonment. (Aplt. App. at 121.) It first found that a mandatory life sentence was required by 21 U.S.C. § 848(b). (Id.) It next concluded that a life sentence was also appropriate under the United States Sentencing Guidelines. (Id.) Under the Guidelines, the court calculated Defendant's base offense level to be 42, and his criminal history category as VI. (Id. at 121, 123.) It added an additional two offense levels based on Defendant's perjury at trial. (Id. at 123-24.) Combined, these factors required a mandatory life sentence. (Id. at 124.)

Defendant objected to the drug quantities attributed to him in his presentence report. In ruling on those objections, the district court stated that it would impose a life sentence under the Guidelines even if it accepted all of Defendant's objections. The court reasoned that, using the minimum offense level for a continuing criminal enterprise (38), the Guidelines imposed a

sentencing range of 360 months to life. (Id. at 121, 124-25.) Within that range, the court stated that it would impose a life sentence. (Id. at 121.)

Defendant now raises three challenges to his sentence: 1) that his mandatory life sentence under 21 U.S.C. § 848(b) violated Apprendi v. New Jersey, 530 U.S. 466 (2000); 2) that the district court erred in calculating his base offense level under the Sentencing Guidelines; and 3) that the district court erred in calculating his criminal history category under the Sentencing Guidelines. We find that the district court did not err in imposing a mandatory life sentence under 21 U.S.C. § 848(b) and AFFIRM Defendant's sentence.

Defendant first argues that he was sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), because some of the factors leading to his life sentence under 21 U.S.C. § 848(b) were not put before the jury. Because Defendant did not raise this issue before the district court, we may review this issue only for plain error. Fed. R. Crim. P. 52(b). We may reach an issue that was not raised before the district court if we find that there was (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732-36 (1993).

21 U.S.C. § 848(b) requires a life sentence for a defendant who is convicted of engaging in a continuing criminal enterprise under § 848(a), if that

defendant had a principal role in the enterprise and committed a violation

"involv[ing] at least 300 times the quantity of a substance described in subsection

841(b)(1)(B)."[3] The district court determined that, under this section, Defendant

was required to serve a life sentence because the evidence at trial indicated that

Defendant was responsible for more than 1.5 kilograms of crack cocaine.[4] (Aplt.

App. at 122-24.)

---

[3] Section 848(b) reads in its entirety:

(b) Life imprisonment for engaging in continuing criminal enterprise

Any person who engages in a continuing criminal enterprise shall be imprisoned for life and fined in accordance with subsection (a) of this section, if—

(1) such person is the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders; and

(2) (A) the violation referred to in subsection (c)(1) of this section involved at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title, or

(B) the enterprise, or any other enterprise in which the defendant was the principal or one of several principal administrators, organizers, or leaders, received $10 million dollars in gross receipts during any twelve-month period of its existence for the manufacture, importation, or distribution of a substance described in section 841(b)(1)(B) of this title.

[4] 21 U.S.C. § 841(b)(1)(B)(iii) penalizes the prohibited use of 5 grams or more of a mixture or substance which contains cocaine base (crack cocaine). Thus, Defendant would be subject to a life sentence under § 848(b) if he were involved with 300 x 5 grams, or 1.5 kilograms.

Defendant now argues that because the drug quantity required by § 848(b)—1.5 kilograms of crack cocaine—was never pled, proven or found by a jury, the district court committed plain error and we should remand for resentencing.

The first determination we must make under Olano is whether a legal error occurred in the underlying proceedings. In Apprendi, the Supreme Court held that any factor, excluding a prior conviction, used to increase a defendant's sentence beyond the maximum provided by the statute under which the defendant was convicted must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. 530 U.S. at 490. See also Jones v. United States, 526 U.S. 227, 239-52 (1999); United States v. Jones, 235 F.3d 1231 (10th Cir. 2000) (applying Apprendi). In Harris v. United States, 536 U.S. 545 (2002), the Court clarified this holding by stating that Apprendi's rule did not apply to "a fact [which increased] the mandatory minimum (but [did not extend] the sentence beyond the statutory maximum)." Id. at 557 (reaffirming the holding of McMillan v. Pennsylvania, 477 U.S. 79 (1986), in the aftermath of Apprendi).

In this case, Defendant was charged in the indictment with a violation of 21 U.S.C. § 848. (Aplt. App. at 22.) Section 848(a) provides that any person convicted under that statute "shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment." 21

- 9 -

U.S.C. § 848(a) (emphasis added). Section 848(b) then provides that a life sentence is mandatory if the defendant also is a principal administrator, organizer or leader of the enterprise and has been involved with 300 times the amount of controlled substance proscribed by § 841(b)(1)(B). While the jury found all the necessary facts for a conviction under § 848(a), they did not find the additional factors to require a mandatory life sentence under § 848(b).[5]

We find this failure does not constitute error. Apprendi requires a jury to find all facts which result in a sentence that exceeds the statutory maximum. In this case, a life sentence was within the range permitted by § 848(a), even without a finding of additional factors. Thus, the indictment provided notice to Defendant that life imprisonment was a possible sentence for a violation of § 848, with or without the finding of the factors identified in § 848(b). As the Supreme Court made clear in Harris, the imposition of a mandatory minimum sentence that is within the statutory range does not require the same protections required for the imposition of a sentence that exceeds the statutory maximum. Harris, 536 U.S. at 565 ("[T]he facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a

---

[5] Defendant does not argue that Congress intended the requirements of § 848(b) to be elements of a separate offense rather than sentencing factors. Thus, we assume that Congress did intend the requirements of the section to be sentencing factors and merely address whether such sentencing factors would be constitutional under Apprendi.

reasonable doubt. . . . The judge may impose the minimum, the maximum, or any other sentence within the range without seeking further authorization from those juries—and without contradicting Apprendi."); United States v. Smith, 223 F.3d 554, 565-66 (7th Cir. 2000) (concluding that § 848(b) is a sentencing factor that does not need to be charged in the indictment or found by a jury beyond a reasonable doubt). Thus, we find that the district court did not err in imposing on Defendant a mandatory life sentence under § 848(b). Defendant therefore cannot satisfy the requirements of plain error review.

Defendant next challenges two aspects of the calculation of his sentence under the Sentencing Guidelines—his relevant conduct and his criminal history. Section 2D1.5 of the Guidelines provides, however, that "[i]f the application of the guidelines results in a sentence below the minimum sentence required by [§ 848], the statutory minimum shall be the guideline sentence." U.S. Sentencing Guidelines Manual § 2D1.5, cmt. background (2001) (citing id. § 5G1.1(b)). Because we have found that the district court did not err in determining that the statutory minimum was a life sentence, that is Defendant's sentence under the Guidelines. Therefore, Defendant's challenges to the calculation of relevant conduct and criminal history category under the Sentencing Guidelines are moot.

On appeal, Defendant seems to limit his challenge to the quantity of drugs that the district court found in determining his sentence under the Guidelines. To

the extent that Defendant is also arguing that the district court improperly calculated the quantity of drugs attributed to him in sentencing him under the statute, we reject that challenge. We review a district court's findings of fact for clear error, giving due regard to its assessment of witness credibility. 18 U.S.C. § 3742(e). "We will not disturb a sentencing court's factual findings unless they are without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." United States v. Moore, 130 F.3d 1414, 1416 (10th Cir. 1997) (internal quotations and citations omitted).

At the sentencing hearing, the district court pointed to evidence in the trial transcript that supported the presentence report's finding that Defendant was responsible for 1.5 kilograms of crack cocaine. (Aplt. App. at 121-23.) On appeal, Defendant challenges this finding solely based on the credibility of the witnesses against him. (Aplt. Br. at 28-29.) Because we are "loath to second-guess a district court's determination of a witness's credibility," United States v. Asch, 207 F.3d 1238, 1243 (10th Cir. 2000), we find no clear error here.

Defendant's conviction and sentence are therefore AFFIRMED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge