**Craig T. AGRELL, Petitioner–Appellant,**

v.

**Randy DAVIS, Warden; FCI Memphis, Respondents–Appellees.**

No. 03–5826.

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2004.

Craig T. Agrell, Memphis, TN, pro se.

Before DAUGHTREY and COLE, Circuit Judges; and POLSTER, District Judge.*

### ORDER

Craig T. Agrell, a pro se federal prisoner, appeals a district court judgment dis-

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

missing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Agrell was convicted of conspiracy to distribute cocaine and possession of cocaine with intent to distribute under 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2. He was sentenced to two terms of 188 months of imprisonment to be served concurrently and six years of supervised release. Agrell's trial counsel also represented him on appeal, where he argued that the district court erred in refusing to grant a mistrial after striking prejudicial testimony, applying the Sentencing Guidelines to his conduct, denying a two-point reduction for acceptance of responsibility, and considering a 1970 conviction for smuggling marijuana in his criminal history. The Seventh Circuit rejected those arguments and affirmed. *United States v. Agrell*, 965 F.2d 222, 229 (7th Cir.1992). One year later, Agrell filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in which he advanced several illustrations of counsel's constitutionally ineffective representation. The district court denied Agrell's motion, and the Seventh Circuit affirmed the district court's judgment. *Agrell v. United States*, No. 94–2865, 1995 WL 759471 (7th Cir. Dec. 20, 1995).

In his current § 2241 habeas corpus petition, Agrell claimed that his sentence of imprisonment is illegal. The district court dismissed the petition, concluding that Agrell could not challenge the imposition of his sentence under § 2241.

Agrell reasserts his claim in his timely appeal. He also contends that he should not have been required to pay an appellate filing fee.

Upon review, we conclude that the district court properly dismissed Agrell's § 2241 petition for the reasons stated in its June 4, 2003, order. Agrell may not challenge his conviction and imposition of sentence under § 2241, instead of § 2255, because he has not established that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir.1999). In addition, we conclude that Agrell was properly required to pay the appellate filing fee in light of the district court's determination that an appeal would not be taken in good faith pursuant to Fed. R.App. P. 24(a).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.